You're on to the second case on the docket, 2-B-F-I-3-S-0-9-4-A. Agent General Insurance Company, S-O-G-F-A-D-S-Auto Insurance Incorporated. Client Appellant, D-A-P-P-T-R-A. Agent General Appellant, Targeting Market Capital. Client Appellant, Mr. Gary F. Ladle. Targeting Market Capital. Appellee, Mr. Justin D. Wine. Alright, good afternoon gentlemen. And Mr. Ladle, if you are ready, please proceed. Thank you. May it please the court. We're here about something that the jury was told they didn't have to worry about at all. Because that's what this case comes down to. It was a question of damages. The jury even asked that question. The jury had been told at the start of the trial that the issue of damages was, and I quote, something that they don't have to worry about at all. When were those jury instructions tendered to counsel in terms of the chronology of the trial? The chronology of the trial, as I understand it, and I apologize as it was not the trial counsel, but there was a pretrial settlement conference. At that time, the stipulation for the damages was made. The jury instructions were then gone over with the court. The trial occurred with the opening statement with what I would describe as a judicial admission. After the jury instructions were read to the jurors, it was the first time Mr. Scaletta tried to correct the error and said to the court, we didn't give them the amount. But Mr. Scaletta submitted verdict form A, right? Correct. Which says we assess damages in the sum of blank. Correct. Counsel, let me ask you a point of question that's bothering me. Whose obligation was it and is it to present proof of damages to the jury? Should he have read that amount into the jury? Yes. Except for I think that your question raises an interesting one, because you mentioned whose obligation was it to raise proof of damages. Or present proof of damages, not raise proof. Present proof of damages. Right. But normally the plaintiff does that, correct? Correct, except for a stipulation removes the issue for proof. The very nature of a stipulation as defined by our law says it eliminates the need for proof on that issue. But how does the stipulation get to the jury? Exactly. It should have been either in the instruction or it should have been read to the jury. I agree. By who? Well, it should have been either by Mr. Scaletta or by the court. And the traditional normally what would happen? Yes. Plaintiff's counsel should say this is the amount of damages. Did anybody ask the judge to read it to them? Mr. Scaletta did once the instructions were being tendered. He said to the court we didn't give them the amount of damages. This was after they were back in the jury room. Correct. Correct. That's when he noticed the error of not giving them that. So the proofs had been closed at that point, correct? Correct. The proofs had been closed, but, again, the proof of something that need not be proven. The nature of a stipulation by law is that it eliminates the need for proof. So what you're saying is we have something that needed to be proven, and that's what the JNOD was granted on. He didn't prove this element. But if a stipulation says you need not prove that element, then how could that But you're reading something into need not prove. This is the way this unfolded, which I can see how it happened. Unfortunately, there's a stipulation between counsel as to the amount of damages. But who then has to take the laboring oar to affirmatively bring it to the attention of the prior effect? The judge says fine, you've got a stipulation. Nobody does anything and brings it up again until after the proofs are closed. So where does the fault lie? Well, as Mr. Stiletto told the court at that time, he thought the only issue was the liability. So he thought liability was the issue, so the damages was not important at all anyway. Correct. But yet he gave jury form A, right? He gave jury form A, but then in opening, the defendant said that the jury doesn't have to worry about it at all. And I think the other interesting thing, though, is no one brought up the issue of damages until after Mr. Stiletto did. It wasn't addressed in closing argument. I see what you're saying. So that they obviously found liability against the defendant. Otherwise, they wouldn't have come up with any dollar amount. Correct. And that's when they submitted their question to the court saying, can you tell us what the amount of damages are? And that question deserved an answer. And the response the court gave was, you have to look at the evidence. Were two jury instructions given, one on liability and one on damages? Yes. Okay, that's a good point. Thanks for bringing that up. Do you have any cases regarding when a party stipulates but fails to introduce a stipulation into evidence? I did not find one on point. And I think if I would have, one way or the other, we probably wouldn't be here because I think it would resolve it. But I would point to the fact that even after proofs close, there is some discretion, but we review the trial court's behavior here for abuse of discretion, correct? I understand that, yes. You do. And my point is that the question the jury had deserves a response. The question the jury had was not an issue for the trier of fact. A stipulation removes an issue for the trier of fact to decide. So I think the jury instruction should have had the number that 14,029.50 on it. I think that should have been put on it after the pretrial conference, and it definitely should have been on it after the admission made in the opening statement. But who submitted that jury instruction? I believe that was Mr. Scaletta submitted that instruction that was prepared prior to the conference. Yes. I believe even after the conference, that statement, an opening statement, judicial admission made in open that damages are not an issue to worry about at all. Then simply put, by looking at the jury's question that says, hey, what are the damages? The omission of the jury of that amount, because everyone agreed what that amount was, roughly is equivalent to a Scrivener's error. That's a good question. Let's go back to that. Sure. Tell me how it's a Scrivener's error. Because it's an omission of, we've agreed that that amount should be on that line. It should have been there because of the stipulation. It wasn't on there not because of some sort of misunderstanding in the application of law, not by legal reasoning. It's a simple oversight. But wasn't it more than a Scrivener's error? Because, I mean, should that verdict form A, should that have ever been submitted? I don't believe it. That was the wrong jury instruction. I think that instruction was prepared prior to the stipulation, was based on that. Everyone agreed to tender it. But, of course, is it a Scrivener's error? I think it is. Because here's the thing. If that jury came, if they gave the stipulation of $14,029.50 and that jury came back and said that the truck was worth $30,000, could the jury do that? No. No, the jury could not because that matter was decided. The jury – the court would not affirm that because that issue was not a matter for them to decide. But Scrivener's errors, by definition, are minor mistakes. Proof of damages or presentation of the amount of damages is critical to a case of this nature. It is not minor.  So how can we consider it a Scrivener's error? Because it's a Scrivener's error because it's an issue of, one, minor versus major. You're talking about did it affect the jury's thinking at all? That's what the case law talks about. No. Two, is it an issue of fact for the jury? And the answer is no because every case law says a stipulation removes it from being an issue of fact. But they still have to know about it. And you said, I believe, somewhere either in the – it must have been in the brief that I read it because that's where I was reading – that the court had some responsibility to bring that to the jury's attention. And I just don't understand how the court can be made to be an advocate in this case because if the juror – he knew that there was a problem. He even said that. Why was it his obligation to prove the case? I don't think – again, you're using the term prove the case on something which need not be proven. Or present that issue or present that information. It's not his case. I think, one, when it's an issue that's not in dispute that was omitted from the jury, there was no prejudice to the defendant if they had given it when Mr. Scaletta had asked. There was no prejudice to the defendant on an issue not before them if they had given it in response to the jury. There was no prejudice at all to the defendant on – if they had given what everyone agreed the amount was. It was not a high point for legal ethics. There's no question. But that being said, does he have an obligation other than an ethical obligation to be an honest gentleman lawyer? Does he have an obligation to present evidence on behalf of the plaintiff? Well, I would say this. I would say that when they argue in the brief that the – there's obviously some confusion about the stipulation, what it meant. And there's an exchange between Mr. Scaletta, the judge, and Mr. Wine on this. And at that point, the judge says, I'll give it if Mr. Wine says I should. Right. And at that point, Mr. Wine says it was my understanding that this would be read to the jury. And Mr. Scaletta says it was my understanding that we're just going on liability. Now, I just point out, you take these, you look at the context. And there's case law. Zitzman talks about that. You look at the stipulation consistent with context. What was the context here? At the opening of the case, he says you don't have to worry about it at all. He never raises it in his closing argument as an omission of proof. He never addressed it. No one ever addressed it. So the context, I think reasonably Mr. Scaletta could have believed the only issue was liability for the jury. Was the instruction wrong for that? Yes. No, there is no question. I agree with you 100 percent. The Court said when the jury came out with the question and the Court asked Mr. Wine, Mr. Wine, what do you think? He said, well, I mean, Judge, they've gotten all the evidence. I mean, that's pimpy, for lack of a better term, for not a very legal term. That is pimpy. But does it cause us to reverse this verdict? That is the question. Let's talk next about the argument where the – which is just that, where the Court erred in not submitting the amount to the jury when the jury comes in and asks and the Court says you have all the evidence that you have. At that point, you're submitting that the Court could have given them the stipulation. Yes. Would he have had to call them back in and have the parties read the stipulation? Wouldn't they have had to open the proofs, reopen the case to do that? I would say maybe not, only because, again, this has been stipulated to, therefore it need not be proven. The issue then would be the parties have stipulated the amount of damage is X. They could just simply say that. A stipulation is essentially the law that governs the case. But isn't that new evidence at that point? Is it new evidence? No, and I say that because of this. I say that because the amount of damages was not for the jury to decide. We present evidence for the jury to decide something. A stipulation is not something for the jury to decide. Ginsburg.  It was a trial. Here's the missing part. How do you respond to this as I'm listening to this? And you have a certain logical appeal to your argument, that being that a stipulation to damages should eliminate the necessity for presenting damages to the jury. But how does it eliminate the necessity for presenting the stipulation to the jury? That's what we're breaking down. You're saying they stipulated to the damages. Therefore, nobody needs to present it to the trier of effect. That's the problem in this case. No, I... Why wasn't the stipulation presented? I... We still don't have an answer to it. Well, the answer, the simplest answer is it's an oversight. And the second answer is that the instructions that the Court and that both counsels approved were wrong. The simple answer is the instructions were wrong. The instructions were wrong. The jury gave, the judge gave the instructions that the parties asked for. Correct? But the parties may ask for an instruction. It's still wrong. I think we could agree that the jury... No, it wasn't wrong. It was incomplete. Well, it wasn't accurate. I'll put it that way. The jury was not free to decide damages. Well, this stipulation, and we know it happened in this pretrial conference where counsel said, you know, my adjuster's ill. If we can't resolve this, we're going to have to ask for a continuance. And somebody says, would you stipulate? Counsel says yes. It was never reduced to writing, was it? No, it was not. Never. It wasn't put on the jury instruction, and there's nothing in writing signed by both parties. Nor was it read in open court in the jury's presence either, right? You're right. That's correct. But by... I think he did, yes. And he said that afterward, in fact, he's... Well, he said he hadn't had to try a case in 14 years and wasn't going to try this one due to health reasons but was forced to do so. And so he tried it the best he could. But, you know, at the end of the day, the question is, the stipulation wasn't reduced to writing. But we're sitting here now where the judge asked and said, you have the right to decide whether it's going to be read to the jury or not. And he got to avoid the effect of the stipulation, which is contrary to law. I know. And it's horrible. It's horrible, very horrible behavior for a lawyer. And it's a reason why lawyers get the reputation that we do. But is there any case law that would allow us to reverse this based upon the fact that you have a lawyer who was not being fair? I think there is to the extent that by allowing counsel to do that, it has allowed them to avoid the effect of the stipulation. As you all have noted, the stipulation wasn't reduced to writing. So there's some ambiguity. And it appears that, based on Mr. Scaletta's representations to the court at the time, he had one understanding and that Mr. DeWine had another understanding. No. Mr. DeWine had the same understanding. He didn't have a different understanding. He just took a different position when it came right down to it. That's what the issue is. Let me ask you one other question.  In Razor, the court in that case really precluded the attorney from getting damages and from putting evidence in, which caused him to meet his burden on damages. Did the court preclude Mr. Scaletta from putting the damages among him? I would say in refusing to hear his pleas to reopen and present the jury that number, yes. And I would say in his later effort in response to the jury's question, yes, it refused that. And I think, again, the, you know, it – But the judge has discretion in order to reopen proofs and allow him to put any evidence. Correct. And here the – but the discretion related to a matter not in dispute and already admitted. And that, I think, is the troubling part. Okay. All right. Counsel, you'll have an opportunity to reply if you so choose after counsel is finished.  Mr. Wyeth. Ma'am, please, the Court. It's my position that the stipulation should have been presented to the jury by plaintiff's counsel. Then why did you say something? Because I did not realize throughout the course of the trial that – That he forgot to put it in. That he forgot to put it in. But then when the jury came back and asked a question on it, you had the opportunity at that point to put it in. Why didn't you put it in? Because I felt that at that time – look, I understand where you're coming from. I did not like being in that situation. Let me tell you why I'm so irritated, because we swore in 100 new lawyers today. And when I spoke to those lawyers today, I told them, as a lawyer, unlike teachers, unlike painters who have paintbrushes, or everybody has a tool. We don't have a tool. And I said to them, the only tool you have is your reputation, is your word. Your word is your bond. That's all we have as lawyers. So when the judge says to you, hey, Mr. Wyeth, can we put this in, you say no. After you told the lawyer, yeah, it's a stipulation. So why shouldn't – I'm frustrated by the law, Mr. Wyeth, but I'm very frustrated by that behavior because it puts our profession – it paints a bad light. It puts a bad light on our profession. Your word is your bond. If I were a plaintiff's lawyer or a lawyer who had a case against you, I would never trust you. I understand where you're coming from. All I will say is that I really struggled with that position that the judge put me in, and I looked at it like this. At that time, in my mind, it was clear that plaintiff's counsel had made a mistake by failing to advise the jury of the amount of damages that they were claiming. And now the judge is asking me, after all of the evidence had been submitted in the case and the jury was back there deliberating, to cure the mistake of plaintiff's counsel. And I looked at it like, look, I am a nice guy. I am an accommodating person. I am easy to work with. But in that position, what is my client going to say if I cure plaintiff's counsel's mistake at that time? Well, you had already stipulated to the dollar amount. So what's your client going to say? You already stipulated to it. I understand, but to me, look, this may be – So you could have won a case on a technicality. So that's what you're thinking. My concern was that my client was going to be very upset with me if plaintiff's counsel made a mistake and during deliberations I let them off the hook.  Wait a minute. Don't you have an ethical obligation that transcends advocacy and gamesmanship? My – Because in this case, I would have analyzed it. Justice Shostak has a very compelling point. Your client, you already – apparently would have obtained his approval to enter into stipulation, correct? Yes, I did. Okay. So he was already expecting you to enter into it, and you have an ethical obligation that you let go. You've exalted your client's interest, even though he had already agreed to what you could do, above your ethical obligation. That's very troubling, isn't it? I think the whole situation is troubling. Plaintiff's counsel put me in this situation by making this mistake, and then the judge put me in this situation by having me decide this. Why didn't the judge decide this? Was your client there in the courtroom? The defendant himself? Yes. Yes, the defendant himself was there. You couldn't have gone to him and said, hey, look, we stipulated to this. This would be totally unethical on my behalf. Why don't we just go along with our stipulation that we already agreed to? Couldn't you have done that? I could have done that, but I think that the carrier probably would have been somebody that, you know, would have been interested in that. And ultimately, I mean, I can't stress enough. I did not like the situation that I was in. I thought that there were two problems that I was dealing with. One was the stipulation itself. The other was the client. I didn't want to open myself up to my own malpractice situation or my own ethical violation when it comes to zealously advocating for my client. I thought it was a difficult position to be in. I did not put myself in that position myself. That was plaintiff's counsel and the judge put me in this situation. If that ever happens again, you've got to try and talk to your clients. You just can't plunge their head there. It's pretty obvious, too, at that point. They wouldn't be talking about damages if they hadn't already found liability. How did that fit into your decision-making? My decision was based solely on the fact that the case had closed. And at that time, they were asking for factual information that I believe that if I was the one that gave the okay, then I would have not been doing my client, under the code of ethics, what I was supposed to do. That was what I was thinking. And this is all on the spot, and I understand that this is part of the job here. But I was looking at those two things. I did not like the situation, and I made that call because I figured that, look, if the judge makes the decision, fine. Okay, I will sit down and I will not say anything further, and that's it. But putting it on me to decide it. So then how about saying to the judge, I have no position. Judge, you decide, instead of saying, you said no. No. That's probably a better way to have done it. Well, then Justice Hutchinson makes a good point. So you had to have a jury instruction for damages. You had a jury instruction for damages, probably shouldn't have. And you had to have a jury instruction for liability. So the jury fines him, fines against you, fines in favor of the plaintiff for liability, correct? And then the damages, so the J&OV would be only on the damages, should have been only on the damages. Yeah, my understanding, if I understand your question correctly, is that. . . Yeah, I mean, the whole point of the J&OV was that they just never heard the amount of the damages that were claimed. And obviously, that's a key element of the case. And so, you know, I mean, they effectively had to just guess at a number, and that's what they did. And so that was. . . I guess I'm trying to get to the earlier point. We don't want to belabor this with you and, you know, berate you in any way. But I was troubled by the reasoning. Okay, there was a problem. You didn't want to get in trouble with your clients. In practice, they could have beat you to ARDC. But if they had already agreed that you could present the stipulation, how were you going to get in trouble with anyone? They've already agreed. Yeah, and I. . . The reason why I thought that I could get in trouble, because at that point in time, I was curing a mistake by plaintiff's counsel. That was the way that I looked at it. And, you know, I mean, it was clearly a mistake because the jury hadn't heard the information that they needed to hear. And so, I mean, it's as simple as that. I thought that at that point in time, I was asked to fix the problem that plaintiff's counsel created, and I don't know that that's something that I'm supposed to do. I didn't like the situation at all, but it was a situation where I just. . . But for me to decide that it's a situation that I'm going to fix at that stage of the case. . . The judge couldn't fix the situation without your concurrence. Pardon me? The judge couldn't fix the situation without your concurrence. There was no damages presented. Or without taking no position. Yeah. But you took a position. You said, I need a judge. They've gotten all the evidence. So the judge can't go against you because if they rule in favor of them, you're going to appeal and say the judge went against what I said. As opposed to saying, Judge, it's up to you. How old was Mr. Scaletta at the time? I'm not sure. Old. Correct? He was pretty old, yeah, of course. Yeah. I mean, I don't know how old he was. But, I mean, I guess. . . He was much more experienced than me. Well, he was very old and probably was used to back in the day when lawyers were gentlemen and said, yeah, you know what, Mr. Scaletta, you're right. And I messed up. That was my point in bringing up his age versus his age. Can I just say, in regards to being a gentleman, I am very easy to deal with when it comes to the fact that at the beginning during the pretrial, Mr. Scaletta clearly did not want to try the case. You know, he said that his adjuster was sick, you know, and he was trying to deal with that situation. I was trying to be accommodating. I am an accommodating lawyer. And you did. You stipulated. I stipulated to that.  But on the record, in front of the judge, in front of, like, in that situation, I felt that I had no other choice but to say I am not here to fix Plaintiff's counsel's clear mistake. It is regrettable. I do not like this at all. But I do not think that it is proper for me to do that. That is what my thought was. What about just saying, Your Honor, I earlier said that you really don't have to worry about damages. I agreed to tell them that the parties have reached a stipulation as to damages. End of discussion. Are you talking about during the jury question? Yes. I mean, it goes back to the same thing. I thought that anything that I fully expected that the judge was just going to make a decision on his own. You know, this is the stipulation or whatever the case may be. To me, again, I was concerned about what it would look, what would happen to me if I was the one that got Plaintiff's counsel out of the jam that he put himself in. I just, you know, it was a tough position for me to be in. I don't want to play like I'm a victim here or anything like that. This was just a decision I had to come up with. I felt like I had to come up with it on the spot. And weighing those two things, I thought this is a pretty serious mistake that Plaintiff's counsel made. I do think that stipulations need to be presented during a case. And he didn't do it. And now it's being put on me to remedy that situation after the evidence had closed and the jury was deliberating. Did you ask for, at the close of the evidence and before it went to the jury, did you ask for a finding that, you know, directed because there had not been proof of damages? No. Okay. Wasn't that another avenue you could have pursued? A directed finding? Yeah. Yeah. Yes, it is. I think it was different between then and half an hour later. The evidence wasn't presented when the case closed. And my point being is if you asked for that and Mr. what was his name again? Scaletta. Scaletta argued, well, you know, we have a stipulation, and you didn't have to tell him it wasn't in. But now you're saying they never proved damages. He's going to say, oh, yeah, we have a stipulation. Maybe a light would go on, and he would say, oh, wait, I never presented that to the jury. Then the ball would have been in his court again. You had other options, correct? Sure. As far as a motion. Yeah, I could have done that. I mean, candidly, I didn't think of it at that stage. It was later, I think it was during the closing that I realized that nothing had ever been said. And, yeah, I mean, of course, there could have been a lot of different avenues that were taken. But at the end of the day, it was always my understanding that it would be their obligation to say this is the amount of money that I'm asking for. And even if they would have done it during closing argument, I mean, how would that have played out? At worst, I would have said objection, assuming facts not in evidence. And the judge would have sustained it or overruled it or whatever he would have done. But the jury would have heard the number, and they would have given it, and that would have been it. It would have been fine. But, you know, I mean, they just never heard the number. And it's not my job to tell them the number. And it's not the judge's job to tell them the number. It's plaintiff's counsel's. Normally speaking, it's not. Pardon me? Normally speaking, it's not. Right. And under those circumstances, I feel I don't know where it would have ended up with me if I would have carried plaintiff's counsel's mistake. And that's not a fair position for me to be in. I did not create this situation. And so one way or another, I'm going to be judged by others as to how I handled it and that I handled it poorly. And that was a problem. Generally speaking, as Justice Shess, if you follow your ethical obligation, your word is your bond, ultimately you probably are going to get in too much trouble. Ultimately, pardon me? You're probably not getting too much trouble following that clause. Yeah. I understand. I understand. Is there anything else you'd like to say, Mr. Wines, since we've questioned you as opposed to letting you make a presentation? No, there is not. Thank you very much for your time. All right. Mr. Ladle? Briefly, Justice Hudson, you asked me a question earlier, and I've been thinking about it, and that was, is it the judge's obligation to give that amount? And I think the answer is yes, but I'm going to tell you why. I think in listening to all the questioning, we've all agreed that the jury instruction on damages was wrong. And if the jury instruction on damages was wrong, the judge has an obligation to correct that. Is it wrong or incomplete? Is there a difference? Is it incompletely wrong? No, because the jury wasn't to decide damages. It's wrong. It's the wrong instruction. There was no issue. You were not to decide the measure of damages. It's simply wrong. They were not to weigh the evidence on the ‑‑ if the stipulation had been read, the jury had no leeway on what the damages are. Right. So, therefore, the instruction that was given told them they were to decide it. The instruction that was given on its face, even with that blank, is wrong, the wrong instruction. So, to that extent, the trial court had an obligation to give the proper instruction to properly apprise the jury of the law. The jury had no freedom here to decide damages if the stipulation had been read. That instruction was wrong from the start. If we were to ‑‑ Who submitted the instruction? Mr. Scaletta submitted the instruction, and that was prepared prior to the stipulation based on the fact that the adjuster was supposed to be there. Sometimes you have to go back and redo jury instructions, correct? That is correct. And that should have been ‑‑ Not to begin with the facts of your case. That should have been revised. And that would have been Mr. Scaletta's obligation. That would have been Mr. Scaletta's obligation, though, even if the court can say this instruction is wrong. No one said it was wrong. But they're all wrong. If we were to agree with you, what is the remedy that you're actually requesting? Well, I think the JNOB was incorrect because the logical basis for the JNOB was the fact that the plaintiff failed to prove that which they need not prove. Because the issue of damages was not an issue for the prior effect. But there was no damages there for them to come to. Right. The instruction was wrong. So I think the simplest thing is that since we have a stipulation what the damages were, they decided liability. Mr. Scaletta's understanding of the agreement was the only issue was liability. Sure, you could do a remitter for the 8,000, whatever it is. I think based on the fact that there's a clear conflict of the understanding of the stipulation, and Mr. Scaletta acted consistent with one way that, hey, I thought we were just going to give him the number at the end at some point. I think a remand for a new trial is the simplest thing because the jury was instructed improperly as to the law. On both liability and damages or just damages? Just damages. They decided liability. They're properly instructed on liability. And we know that because they went to the issue of damages and asked the question? And the apportioned fault, 60-40 on that verdict form. So they made that decision. And no one is complaining that the instructions they got on liability were incorrect. They were given the correct instructions on liability. They heard evidence on liability. The only issue, the defective instruction was the instruction on damages. All right. If you have nothing further, your time isn't up yet, but you've got a little bit of time if you want to tell us something else. No, I thank the court for their indulgence. Thank you, counsel. This is an interesting case. We will take the matter under advisement and we will issue a decision in due course. We're going to stand in recess now to prepare for our next argument. Thank you very much.